Robert A. Bailey (# 214688)
rbailey@afrct.com
Kenneth A. Franklin (# 143809)
kfranklin@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| ARMANDO DIAZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORP. and DOES 1 through 20 inclusive,<br><br>Defendants. | CASE NO.: 5:13-cv-04915-LHK<br><br>[Honorable Lucy H. Koh]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S PRELIMINARY OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Date: none set<br>Time: none set<br>Ctrm: 8, 4th Floor |

# TABLE OF CONTENTS

Page

1. INTRODUCTION ..... 1
2. FACTS ..... 1
A. The Loan And The Foreclosure Proceeding ..... 1
B. The Litigation Proceedings ..... 1
3. PLAINTIFF'S "EMERGENCY" IS SELF-INFLICTED ..... 2
4. THE STANDARDS FOR ISSUANCE OF A PRELIMINARY INJUNCTION ..... 3
5. PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS ..... 4
A. PLAINTIFF'S CLAIMS UNDER HOMEOWNERS' BILL OF RIGHTS ("HBOR") ARE PREEMPTED BY THE HOME OWNERS LOAN ACT ("HOLA") ..... 4
B. PLAINTIFF'S CLAIM FOR VIOLATION OF CAL. CIV. CODE § 2923.55 FAILS ..... 8
C. PLAINTIFF'S CLAIM FOR A VIOLATION OF § 2923.17 FAILS ..... 9
D. Wells Fargo Is In Compliance With The National Mortgage Settlement And Is Therefore Protected Under The Safe Harbor Provisions Of Civil Code § 2924.12 Against All Of Plaintiff's HBOR Claims ..... 9
6. THE BALANCE OF THE EQUITIES DOES NOT FAVOR PLAINTIFF ..... 10
7. IF A TRO ISSUES, THE COURT SHOULD CONDITION THE ORDER ON A BOND ..... 11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alcaraz v. Wachovia Mortg., FSB*, 592 F. Supp. 2d 1296 (E.D. Cal. 2009) .......... 10

*Alliance for Wild Rockies v. Cottrell*, 613 F. 3d 960 (9th Cir. 2010) .......... 3

*Cabanilla v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) .......... 9

*Crews v. Wachovia Mortgage Corporation*, 2010 U.S. Dist. LEXIS 77660 (C.D. Cal. 2010) .......... 2, 10

*De Ferguson v. Wachovia Mortgage, FSB*, 2012 U.S. Dist. LEXIS 79501 (C.D. Cal. Jun. 4, 2012) .......... 8

*DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119 (N.D. Cal. 2010) .......... 4

*Flexible Lifeline Systems, Inc. v. Precision Life, Inc.*, 654 F.3d 989 (9th Cir. 2011) .......... 3

*Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428 (N.D. Cal. Dec. 14, 2010) .......... 8

*Gorton v. Wells Fargo Bank N.A*, 2013 U.S. Dist. LEXIS 86006 (C.D. Cal. June 3, 2013) .......... 5

*Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) .......... 4

*In re Ocwen Loan Servicing, LLC Mortg. Servicing Litig.*, 491 F. 3d 638 (7th Cir. 2007) .......... 4

*Javaheri v JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 114510 (C.D. July 2012) .......... 8

*Kaplan v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013) .......... 6

*Marbled Murrelet v. Babbitt*, 83 F. 3d 1068 (9th Cir. 1996) .......... 3

*Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) .......... 4, 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Mazurek v. Armstrong*,
520 U.S. 968, 117 S. Ct. 1865 (1997) ..... 3

*Mission Power Engineering Co. v. Cont'l Casualty Co.*,
883 F. Supp. 448 (C.D. Cal. 1995) ..... 2

*Murillo v. Aurora Loan Servs., LLC*,
2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009) ..... 7, 8

*Odinma v. Aurora Loan Servs.*,
2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010) ..... 7

*Omega v. Wells Fargo & Co.*,
2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011) ..... 5

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*,
749 F. Supp. 2d 1022 (N.D. Cal. 2010) ..... 8

*Pratrap v. Wells Fargo Bank, N.A.*,
2013 U.S. Dist. LEXIS 142429 (Oct. 1, 2013) ..... 4

*Senate of Calif. v. Mosbacher*,
968 F. 2d 974 (9th Cir. Cal. 1992) ..... 3

*Shepherd v. U.S. Bank, N.A.*,
2009 U.S. Dist. LEXIS 105696 (C.D. Cal. 2009) ..... 2

*Silvas v. E*Trade Mortg. Corp.*,
514 F.3d 1001 (9th Cir. 2008) ..... 4, 5

*State of Texas v. Seatrain Int'l, S.A.*,
518 F. 2d 175 (5th Cir. 1975) ..... 3

*Taguinod v. World Sav. Bank*,
2010 U.S. Dist. LEXIS 127677 (C.D. Cal. Dec. 2, 2010) ..... 4, 8

*Tamburri v. Suntrust Mortg., Inc.*,
2011 U.S. Dist. LEXIS 72202 (N.D. Cal. July 6, 2011) ..... 11

*Terrazas v. Wells Fargo Bank, N.A.*
(S.D. Cal., Oct. 24, 2013, 13-CV-00133-BEN-MDD) 2013 WL 5774120 ..... 4

*Winter v. Natural Res. Defense Council, Inc.*,
555 U.S. 7 (2008) ..... 3

*Winterbower v. Wells Fargo Bank ,N.A.*,
2013 U.S. Dist. LEXIS 44087 (Cal. 2013) ..... 9

**STATE CASES**

*Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010) ....................7, 8

**STATE STATUTES**

Cal. Civ. Code § 29174....................5

Cal. Civ. Code § 2923.5....................5, 7, 8, 9

Cal. Civ. Code § 2923.6....................5

Cal. Civ. Code § 2923.7....................5

Cal. Civ. Code § 2923.55....................5, 8, 9

Cal. Civ. Code § 2924.11....................5

Cal. Civ. Code § 2924.17....................5, 9

Cal. Civ. Code § 2924.12....................9

Cal. Civ. Code § 2924.17(b) ....................9

Cal. Civ. Code § 2924.12(g) ....................9

**RULES**

Fed. R. Civ. P. 65(c) ....................11

**REGULATIONS**

12 C.F.R. § 560.2....................4

12 C.F.R. § 560.2(a)....................5

12 C.F.R. § 560.2(b) ....................5

12 C.F.R. § 560.2 (b)(4)....................5

12 C.F.R. § 560.2 (b)(10)....................5

## 1. INTRODUCTION

**There is no emergency and a TRO in unnecessary. The trustee's sale is not scheduled until December 10, 2013.**

Plaintiff has not made any loan payments in over a year. Moreover, plaintiff has known about the pending foreclosure since May 15, 2013, over six months ago. Plaintiff's eleventh hour demand that the Court grant "emergency relief" is untimely and without merit.

## 2. FACTS

### A. The Loan And The Foreclosure Proceeding

On or about July 31, 2006 plaintiff borrowed $460,000 (the "Loan") from Wells Fargo Bank, N.A.'s ("Wells Fargo") predecessor, World Savings Bank, FSB.[1] The loan was secured by a deed of trust recorded against real property located at 744 Orkney Ave., Santa Clara, CA (the "Property"). (RJN, Exh. F.)

Plaintiff defaulted on the Loan in by filing to make his December 2012 Loan payment and all subsequent payments. (RJN, Exh. G, Notice of default.) The Notice of Default was recorded on May 15, 2013. (*Id*.) The default was not cured and a notice of sale was recorded on October 1, 2013. (RJN, Exh. H, Notice of Sale.) The sale is currently set for December 10, 2013.

### B. The Litigation Proceedings

The complaint in this action was filed on October 8, 2008. (Document no. 1) On October 21, 2013 plaintiff filed an *ex parte* application in the state court for a temporary restraining order. (RJN, Exh. I.) Wells Fargo removed this action to federal court on October 23, 2013. (Document no. 1.) Wells Fargo filed a motion to dismiss the action on October 30,

---

[1] World Savings changed its name to Wachovia Mortgage, FSB. It changed its name again to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November, 2009. It is currently known as Wells Fargo Bank, N.A. ("Wells Fargo"). (RJN, Exhs. A, B, C and D are certificates issued by the Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the federal savings bank charter, authorize the name changes, and approve the merger; RJN, Exh. E is a printout from the FDIC website showing the history of World Savings Bank.)

2013. (Document no. 6.) On November 21, 2013 plaintiff filed a first amended complaint (the "FAC"). (Document no. 14.)

### 3. PLAINTIFF'S "EMERGENCY" IS SELF-INFLICTED

**Plaintiff has known about the foreclosure since May 15, 2013**. (RJN, Exh. G.) Yet, plaintiff inexplicitly waited over six month to seek "emergency relief." (Document no. 1.) Moreover, plaintiff has waited seven weeks since filing his complaint to seek "emergency relief." (*Id*.) And, plaintiff waited over four weeks since this action was removed to this Court to seek "emergency relief." (*Id*.) Clearly, any emergency is of plaintiff own making.

Plaintiff's eleventh hour request should not be rewarded or condoned by the Court. Plaintiff's dilatory conduct has given Wells Fargo little time to respond to the application and this Court little time to decide.

In *Mission Power Engineering Co. v. Cont'l Casualty Co.*, 883 F. Supp. 448 (C.D. Cal. 1995), the Court held that *ex parte* applications must satisfy two conditions: 1) the moving party must show that it will be irreparably prejudiced if the application is heard on regular notice; and, 2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492.

"Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have…." *Id.*, 883 F. Supp. at 493; *see also, Shepherd v. U.S. Bank, N.A.*, 2009 U.S. Dist. LEXIS 105696, * 3-4 (C.D. Cal. 2009) (denying *ex parte* request to enjoin execution of Notice to Vacate that plaintiff knew of for 3 days).

The Court in *Crews v. Wachovia Mortgage Corporation*, 2010 U.S. Dist. LEXIS 77660, *12 (C.D. Cal. 2010) expressed the same concerns over timing that plaintiff created here. There the Court held: "Most importantly, the balance of equities tips in defendant's favor on account of plaintiff's unexplained delay in seeking injunctive relief." Plaintiff's *ex parte* application is a classic instance of an improper 11th hour request for emergency relief. There is no emergency here except for the one created by plaintiff's own actions. *Id.*, at *12.

"Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have…." *Id.*, 883 F. Supp. at 493; *see also*, *Shepherd v. U.S.*

*Bank, N.A.*, 2009 U.S. Dist. LEXIS 105696, * 3-4 (C.D. Cal. 2009)(denying ex parte request to enjoin execution of Notice to Vacate that plaintiff knew of for 3 days).

**4. THE STANDARDS FOR ISSUANCE OF A PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Defense Council, Inc*., 555 U.S. 7, 9 (2008). "In order to obtain preliminary injunctive relief a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Flexible Lifeline Systems, Inc. v. Precision Life, Inc*., 654 F.3d 989, 994 (9th Cir. 2011) (internal citation & quotation omitted).

In the Ninth Circuit, a party is entitled to a preliminary injunction if they demonstrate: (1) a likelihood of success on the merits and the likelihood of irreparable injury if the injunction is not granted; or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships that tips sharply in their favor. *Alliance for Wild Rockies v. Cottrell*, 613 F. 3d 960 (9th Cir. 2010); *Marbled Murrelet v. Babbitt*, 83 F. 3d 1068, 1073 (9th Cir. 1996). "Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground litigation and thus for more deliberative investigation.'" *Senate of Calif. v. Mosbacher*, 968 F. 2d 974, 977-978 (9th Cir. Cal. 1992) (quoting *Gilder v. PGA Tour, Inc.*, 936 F. 2d 417, 422 (9th Cir. 1991). A preliminary injunction must be denied when it is legally impossible for the plaintiffs to succeed on the merits, no matter how severe or irreparable the injury. *State of Texas v. Seatrain Int'l, S.A.*, 518 F. 2d 175, 180 (5th Cir. 1975).

**The party seeking a preliminary injunction bears the burden of justifying the injunction through sufficient evidence.** "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867 (1997) (emphasis in original) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). "[W]hat is at issue here is not even a defendant's motion for summary judgment, but a plaintiff's motion for preliminary injunctive relief, as to which the requirement for substantial proof is *much higher*." *Id.*

(Emphasis added.) Here, there is no evidence to support a preliminary injunction or a TRO.

## 5. PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS

### A. PLAINTIFF'S CLAIMS UNDER HOMEOWNERS' BILL OF RIGHTS ("HBOR") ARE PREEMPTED BY THE HOME OWNERS LOAN ACT ("HOLA")

Plaintiff's request for a TRO is based entirely on an alleged violations of HBOR. (Plaintiff's *Ex Parte* Application ("*Ex Parte*"), Document no. 18, 7:17-8-25.) Plaintiff's HBOR claims, however are preempted by HOLA.

The loan was originated in July 2006 by Wells Fargo predecessor, World Saving Bank, FSB ("World Savings"). (RJN, Exh. F Deed of Trust.) At loan origination, World Savings was a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). (RJN, Exhs. A-E.) Because the loan was originated by a federal saving bank, it continues to be governed by HOLA.[2]

"Through HOLA, Congress gave the Office of Thrift Supervision ('OTS') broad authority to issue regulations governing thrifts. . . . As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). Section 560.2 reads, *inter alia*:

---

[2] HOLA still applies even though Wells Fargo Bank, N.A. is no longer chartered as a federal savings bank. *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126, (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the *DeLeons* [plaintiffs], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA and observes correctly that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association.); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ("Where a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA."); *In re Ocwen Loan Servicing, LLC Mortg. Servicing Litig.*, 491 F. 3d 638, 642 (7th Cir. 2007) (defendant could rely on the HOLA preemption defense, although it had given up its federal thrift charter, because it was a federal savings association when the loan was made.); *Taguinod v. World Sav. Bank*, 2010 U.S. Dist. LEXIS 127677, *19-20 (C.D. Cal. Dec. 2, 2010) (HOLA preemption applied to claim which arose after Wachovia merged into Wells Fargo Bank, N.A.); *Terrazas v. Wells Fargo Bank, N.A.* (S.D. Cal., Oct. 24, 2013, 13-CV-00133-BEN-MDD) 2013 WL 5774120, at *3; *Pratrap v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 142429 (Oct. 1, 2013); *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013).

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation.
> 12 C.F.R. § 560.2(a).
>
> Section 560.2(b) lists specific types of state laws that are preempted. The list includes state laws that purport to impose requirements regarding:
> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan…
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages… 12 C.F.R. § 560.2(b).

In *Silvas,* the Ninth Circuit set forth the analysis to follow to determine whether a state law is preempted. First, a court should determine whether, as applied, the law is the type of law listed in Section 560.2(b). If it is, the analysis ends, and the law is preempted. *See, Silvas*, 514 F. 3d at 1005 (quoting OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). If the law in question, as applied, is not listed in Section 560.2(b), a court should determine whether the law affects lending. If the answer is yes, then, pursuant to Section 560.2(a), a presumption arises that the law is preempted. *Id.; see, Omega v. Wells Fargo & Co*., 2011 U.S. Dist. LEXIS 103928, at *13 (N.D. Cal. Sept. 14, 2011).

Plaintiff's claims all relate to the alleged violation of the HBOR and hence are all preempted. HBOR is codified generally in Civil Code Sections, 2923.5, 2923.55, 2923.6, 2923.7, 2924.11, and 2924.17. Here, in support of his request for a TRO plaintiff alleges a violation of Civil Code Sections 2923.55 and 29174. (Ex Parte7:17-8-25.)

HBOR sets forth detailed obligations and restrictions on Wells Fargo's loan servicing. *See generally, Civil Code* sections, 2923.5, 2923.55, 2923.6, 2923.7 2924.11. These obligations under HBOR are preempted by 12 C.F.R. § 560.2 (b) (4) and (10). In addressing HOLA preemption of HBOR claims the Court in *Gorton v. Wells Fargo Bank N.A*, 2013 U.S. Dist. LEXIS 86006, *11 (Judge Selna, June 3, 2013, D. Cal. 2013) ruled:

> Plaintiff's HBOR claim is based solely on communications regarding and actions or omissions related to either Plaintiff's application for loan modification, Wells Fargo's denial of that application, or Plaintiff's appeal of the denial. (¶¶ 41-48.) Thus, the Court concludes that it falls within the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

> preemptive scope of § 560.2(b)(4), which applies to "state laws purporting to impose requirements regarding . . . (4) the terms of credit, . . . including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan." *Id.* Moreover, were it not within these confines, the Court would have no difficulty concluding that the law "affects lending" and that it is not otherwise saved from preemption by any subsection (c) category. Thus, plaintiff's second cause of action is preempted by HOLA, and the Court grants the Motion to Dismiss plaintiff's HBOR claim.

The Court in *Kaplan v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 109023, *8-9 (Judge Fees, C.D. July 30, 2013) reached the same conclusion holding:

> Here, Plaintiffs' claims for fraudulent misrepresentation, promissory estoppel, negligent misrepresentation, and violation [*9] of the HBOR all arise out of Defendants' alleged representation that they would "review plaintiffs for [the Home Affordable Modification Program ('HAMP')" and their subsequent failure to do so. (FAC ¶¶ 120, 135-137, 147.) Each of these claims is therefore premised on Defendants' alleged misconduct in "[p]rocessing, originat[ing], servicing . . . or participati[ng] in, mortgages"--activities *subsection (b)* explicitly identifies as subject to HOLA preemption. *12 C.F.R. § 560.2(b).*

In *Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, 13-17 (N.D. Cal. Sept. 13, 2013) the court likewise ruled:

> The court finds that the first through fourth causes of action, which allege various violations of the HBOR, are preempted by HOLA. In the first cause of action, plaintiffs assert that they were "available to meet with mortgagee, trustee, beneficiary, or authorized agent to explore available options to avoid foreclosure[,]" but that despite this "availability," defendants "failed to attempt to contact" them in order to comply with the requirements of Civil Code § 2923.55(b)(2). See Cplt ¶¶ 26-30. Claims for violation of Civil Code § 2923.5 (the predecessor of § 2923.55) are preempted by HOLA because they fall "squarely within the scope of HOLA's Section 560.2(b)(10)." *Taguinod v. World Sav. Bank, FSB, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (citing cases).*
>
> In the second cause of action, plaintiffs allege that defendants filed the Notice of Default without first making a written determination that plaintiffs were not eligible for a loan modification, or that plaintiffs were offered a loan modification but rejected it, or that plaintiffs accepted a loan modification but defaulted on the new loan, in violation of Civil Code § 2923.6. Cplt ¶¶ 36-40. Courts have found that claims for violations of § 2923.6 are preempted by HOLA. *See*, *Sato v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 75418, 2011 WL 2784567 at *7 (N.D. Cal. Jul. 13, 2011) [*15] (claim that lender violated California Civil Code § 2923.6 by failing to modify her loan preempted by HOLA under provisions for "processing, origination, sale or purchase of . . . mortgages" and "terms of credit").
>
> In the third cause of action, plaintiffs assert that "although they have asked to be reviewed for alternatives to foreclosure, they have never been assigned a 'single point of contact' to provide them assistance in applying

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

for potential foreclosure alternatives," as required by Civil Code § 2923.7. Thus, they allege, they have in effect never been given a meaningful opportunity to apply for, and receive, a loan modification offer. Cplt ¶¶ 43-46. The court finds that this cause of action is preempted by HOLA, as it imposes requirements on "processing" or "servicing" of mortgages, or on the "terms of credit," and also seeks to impose an obligation that affects lending. It is further preempted to the extent that plaintiffs allege that Wells Fargo was [*16] required to offer a loan modification. *See, e.g.*, *Gabali v. OneWest Bank, FSB*, 2013 U.S. Dist. LEXIS 47193, 2013 WL 1320770 at *10 (N.D. Cal. March 29, 2013).

In the fourth cause of action, plaintiffs allege that the declaration attached to the Notice of Default falsely stated that defendants had complied with the "due diligence" requirements of Civil Code § 2923.55 prior to filing the Notice of Default. Plaintiffs assert that this failure to contact them violated Civil Code § 2924.17. Section 2924.17 prohibits the practice of robo-signing, in which servicers sign foreclosure documents without determining the right to foreclose. Plaintiffs do not allege that Wells Fargo engaged in "robo-signing." Rather, this claim relates back to the first cause of action for violation of § 2923.55. The court finds that this cause of action is preempted by HOLA, as it imposes requirements on the "processing" and "servicing" of mortgages.n2

While there are few other decisions under the new HBOR, prior to HBOR most district courts concluded state law attempts to regulate the loan servicing process were preempted. For example, in ruling on prior Civil Code § 2923.5 (the statute most analogous to HBOR, which sets forth specific contact requirement pre-foreclosure ) the district courts repeatedly found it to be preempted by HOLA, both before and after *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). One of the numerous pre-*Mabry* decisions was *Murillo v. Aurora Loan Servs., LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009), where the court dismissed a § 2923.5 claim, with prejudice, that alleged "Defendants failed to properly file a declaration with their notice of default." The district court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage. As such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under HOLA." *Murillo*, 2009 U.S. Dist. LEXIS 61791, at *11.

Several district courts have relied on *Murillo*. In *Odinma v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010), the plaintiffs alleged that their lender violated Civil Code § 2923.5 by failing to provide proper notices before initiating the foreclosure process. The court held that a § 2923.5 claim "concerns the processing and servicing of Plaintiff's mortgage and is therefore preempted by HOLA." *Odinma*, 2010 U.S. Dist. LEXIS

28347, at *23.

In *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. 2010), the court relied in part on *Murillo* to find Section 2923.5 to be preempted even after *Mabry*. *Id.* at 1032-33 (listing the federal district court decisions concluding that Section 2923.5 is preempted because the state law deals with contacting the borrower and requires a specific declaration in the Notice of Default such that it falls squarely within the scope of HOLA's Section 560.2(b)(10)). *See also, Giordano v. Wachovia Mortg., FSB,* 2010 WL 5148428, at *13 (N.D. Cal. Dec. 14, 2010), *Taguinod v. World Savings Bank*, 2010 U.S. Dist. LEXIS 127677, at **19-20 (C.D. Cal. 2010) (holding 2923.5 to be preempted by HOLA despite *Mabry*); *Javaheri v JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 114510 (C.D. July 2012); *De Ferguson v. Wachovia Mortgage, FSB,* 2012 U.S. Dist. LEXIS 79501 (C.D. Cal. Jun. 4, 2012) (overwhelming weight of authority has held that a Section 2923.5 claim is preempted by HOLA).

**B. <u>PLAINTIFF'S CLAIM FOR VIOLATION OF CAL. CIV. CODE § 2923.55 FAILS</u>**

In his complaint and FAC plaintiff alleges that Wells Fargo violated Civil Code Section 2923.55 by failing to contact him prior to recording the notice of default. (Comp. ¶ 38; FAC ¶ 43.) Plaintiff's declaration on this issue is vague and appear to contradict his complaint and FAC. Plaintiff's declaration does not allege a lack of contact, it merely alleges that "[p]rior to the recording of the Notice of Default, not a single contact with my mortgage servicer included 1) a discussion of my options to avoid foreclosure, 2) an advisement that I could meet with them with them within 14 days . . . and 3) providing me with the free HUD number . . . ." (Diaz Decl. ¶ 6, Document no. 18, page 34.) In both the complaint and the FAC plaintiff alleges that the declaration attached to the notice of default is "false" since it "indicates that defendants has [sic] exercised due diligence [and] Plaintiff never evaded any contact with Defendants . . . ." ( Comp. ¶ 38; FAC. ¶ 44.) Plaintiff should not now be allowed to change his story with a vague declaration that contradicts his prior two pleading. It is clear that there was sufficient contact with plaintiff prior to the recording of the Notice of Default.[3]

[3] Moreover, plaintiff admits that there was contact between himself and Wells Fargo regarding a loan modification – *i.e*. an alternative to foreclosure. Plaintiff expressly states that "Plaintiff has

There is no question that Wells Fargo complied with Section 2923.55. (RJN, Exh. G, Notice of default.) The Court may take judicial notice that the notice of default contains a declaration attesting that Wells Fargo did contact plaintiff as required by the statute. As other federal courts have found, "[t]his declaration is sufficient to establish that [Wells Fargo] has met its obligations under § 2923.5." *Cabanilla v. Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 39270 at *12-*13 (citing cases) (dismissing claim with prejudice)Plaintiff's claim is a fabrication that can be disregarded.

**C. PLAINTIFF'S CLAIM FOR A VIOLATION OF § 2923.17 FAILS**

Plaintiff alleges that the "Notice of Trustee's Sale . . . do [sic] not contain the required language as mandated by Civil Code Section 2924.17 [and that] does not contain language that *the Notice of Trustee's Sale is accurate and complete and supported by competent and reliable evidence* . . . ." (*Ex Parte* 7:23-26, emphasis in original.) However, Section 2924.17(b) does not require any mandatory language. Section 2924.17 merely requires that "mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default . . . ." Civ. Code § 2924.17. Here, there is no allegation that Wells Fargo failed to review evidence to substantiate plaintiff's default. More importantly, there is no allegation that plaintiff was not in default. It is undisputed that plaintiff failed to make his December 2012 loan payment and all payments thereafter. (RJN, Exh. G.) Therefore, this claim fails.

**D. Wells Fargo Is In Compliance With The National Mortgage Settlement And Is Therefore Protected Under The Safe Harbor Provisions Of Civil Code § 2924.12 Against All Of Plaintiff's HBOR Claims**

Civil Code § 2924.12 provides a safe harbor provision under the newly adopted HBOR. Pursuant to § 2924.12, a signatory to the National Mortgage Settlement ("NMS") who is in compliance with the NMS "shall have no liability for a violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11 or 2924.17" as long as the signatory is in compliance with the relevant terms. Civil Code § 2924.12(g); *see also Winterbower v. Wells Fargo Bank ,N.A.*, 2013

---

demanded that Defendant perform on its part by requesting a loan modification review . . . ." (FAC ¶ 36.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

U.S. Dist. LEXIS 44087, at **10-11.

Here, Wells Fargo is a signatory to the NMS. (A true and correct copy of the NMS is attached to the RJN, Exh. J.) And the *Ex Parte* is devoid of any allegations or evidence that Wells Fargo's failed to comply with the NMS. As such, Wells Fargo's participation in the NMS insulates it from liability under the HBOR.

**6. <u>THE BALANCE OF THE EQUITIES DOES NOT FAVOR PLAINTIFF</u>**

As for the balance of equities, it is axiomatic that foreclosures pose a hardship on borrowers. However, if this were the central consideration, foreclosures would never take place. *Crews v. Wachovia Mortgage Corporation*, 2010 U.S. Dist. LEXIS 77660, *12 (C.D. Cal. 2010); *Alcaraz v. Wachovia Mortg., FSB*, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. 2009) ("Clearly, the loss of a home is a serious injury. However, the record suggests that [plaintiff] sought a loan beyond her financial means and expectation of job loss. Such resulting harm does not alone entitle her to injunctive relief.")

The *Alcaraz* court balanced the relative hardships. The plaintiff asserted that the balance of hardships tipped in her favor because (1) "'looming foreclosure gives [the lender] an undeserved strong hand' to attempt 'to force an unfair settlement;''' (2) there was "an absence of hardship to [the lender] from an preliminary injunction it that it 'holds a deed of trust' with a 'pending foreclosure;'" and (3) there was "no evidence of damage to the property pending trial." *Id.* at 1305.

The lender responded that the balance of hardships tipped in its favor because (1) the plaintiff "has made no payments in more than a year and that her debt exceeds $544,000 with interest accruing at a $ 90 plus per day rate;" (2) the plaintiff "has lived 'payment free for over a year at [the lender's] expense;'" (3) there were "'serious questions about the factual accuracy'" of the complaint; and (4) the plaintiff "fail[ed] to 'do equity'" by tendering her indebtedness "or [offering] to do so." *Id.* at 1305-06.

Just as in *Alcaraz*, plaintiff here defaulted and has not made payment for over a year. (RJN Comp. Exh. G.) Plaintiff has resided on the property rent-free at Wells Fargo's expense, without tendering the indebtedness due. *Id.*, at 1306. The balance of equity favors Wells Fargo.

**7. IF A TRO ISSUES, THE COURT SHOULD CONDITION THE ORDER ON A BOND**

If the Court is inclined to issue a temporary restraining order and set an order to show cause re: preliminary injunction, plaintiff should be required to post a bond to protect Wells Fargo from the damage of an improvidently issued restraint.

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). *See, Tamburri v. Suntrust Mortg., Inc.*, 2011 U.S. Dist. LEXIS 72202, 14-15 (N.D. Cal. July 6, 2011) (*citing Paik v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 3979 (N.D. Cal. Jan. 13, 2011)).

The debt is now over $521,842 and plaintiff has not made a payment in over a year. (RJN, Exh. H.) A bond in the amount of a minimum of $50,000 should be required if a TRO issues. This represents a less than 10% of the debt owed and unpaid for over a year. Moreover, Wells Fargo is likely to incur at least $50,000 defending this action.

Respectfully submitted,

Dated: November 25, 2013

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Kenneth A. Franklin
Kenneth A. Franklin
kfranklin@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S PRELIMINARY OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff:*

Nick Pacheco, Esq.
Nick Pacheco Law Group, APC
15501 San Fernando Mission Blvd., Suite 110
Mission Hills, CA 91345

Tel: 888.888.8641
Fax: 800.210.0028
*nickpacheco@nickpachecolaw.com*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on November 25, 2013.

| Leslie Coumans | */s/ Leslie Coumans* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP