**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | |
|---|---|
| ARMANDO DIAZ ) | Case No.: 13-CV-04915-LHK |
| ) | |
| Plaintiff, ) | ORDER DENYING APPLICATION FOR |
| v. ) | TEMPORARY RESTRAINING ORDER |
| ) | AND ORDER TO SHOW CAUSE RE: |
| WELLS FARGO BANK, N.A.; CAL- ) | PRELIMINARY INJUNCTION |
| WESTERN RECONVEYANCE CORP.; and ) | |
| Does 1 through 20, ) | |
| ) | |
| Defendants. ) | |
| ) | |

12

13

14

15

16

17

18      Plaintiff Armando Diaz filed an Ex Parte Application for a Temporary Restraining Order

19 ("TRO") and Order to Show Cause ("OSC") Re: Preliminary Injunction on November 25, 2013, to

20 stop the foreclosure sale of his home, which is located in Santa Clara, California. ECF No. 18.

21 Defendant Wells Fargo filed an Opposition to the Plaintiff's Application. ECF No. 22. Having

22 considered the Application and Opposition, the Court DENIES Plaintiff's Application for TRO and

23 OSC Re: Preliminary Injunction.

24 **I.      BACKGROUND**

25      Plaintiff took out a loan for $460,000 from Defendant Wells Fargo's predecessor, World

26 Savings Bank. ECF No. 22 at 1. The loan was secured by a deed on Plaintiff's home in Santa

27 Clara. *Id.* Plaintiff defaulted on the loan by failing to make the December 2012 and subsequent

28

1

**United States District Court**
For the Northern District of California

1   payments. *Id.* A Notice of Default was recorded on May 15, 2013. ECF No. 25, Ex. G. A Notice of

2   Sale was recorded on October 1, 2013. ECF No. 25, Ex. H.

3         Plaintiff initially brought this action in Santa Clara County Superior Court on October 8,

4   2013, alleging that Defendants Wells Fargo Bank and Cal-Western Reconveyance Corporation

5   violated the terms of a class action settlement, California Civil Code § 2623.55, and California

6   Business and Professions Code § 17200. ECF No. 1, Ex. A ("Compl.").

7         Plaintiff's principal allegation in his Complaint was that Defendants violated the class

8   action settlement in *In re: Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales*

9   *Practices Litig.* ("*Wachovia*"), No. 09-2015, ECF No. 207 (N.D. Cal. May 17, 2011) (final

10  approval order). *See* Compl. ¶ 11. In that multi-district litigation, plaintiffs alleged that defendants

11  violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. 1601, *et. seq,.* and various state laws

12  because defendants' loan documents, which allowed borrowers to choose among various payment

13  levels on their mortgages, did not make adequate disclosures. *Wachovia,* No. 09-2015, ECF No.

14  207, at 2. The settlement of that case had two components: a cash payment of $178.04 to class

15  members and a set of procedures that obligated Wells Fargo to consider class members for loan

16  modification under federal programs. *Id.* at 2-3. Judge Fogel, who presided over the *Wachovia*

17  settlement, retained jurisdiction to enforce its terms. *Id.* at 4. The *Wachovia* case has subsequently

18  been reassigned to Judge Seeborg. *Wachovia,* No. 09-2015, ECF No. 553. Plaintiff's central

19  allegation in this case is that Defendants violated the *Wachovia* settlement by not considering

20  Plaintiff, a class member, for a loan modification. Compl. ¶ 14.

21        In his Complaint, Plaintiff further alleged that Defendants violated California Civil Code §

22  2923.55 by recording a Notice of Default against Plaintiff's property without discussing

23  foreclosure avoidance options with Plaintiff and without informing Plaintiff of his rights under the

24  statute. Compl. ¶¶ 37, 41. Finally, Plaintiff alleged that Defendants violated California Business

25  and Professions Code § 17200 by engaging in unfair and fraudulent conduct. Compl. ¶ 46-67.

26        On October 20, 2013, Plaintiff applied for a temporary restraining order in state court,

27  contending that Defendants' impending trustee sale would violate California Civil Code §

28

Case No.: 13-CV-04915-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION

1   2923.55(b)(2). ECF No. 23, Ex. I. On October 21, 2013, the Santa Clara County Superior Court

2   issued an order granting Plaintiff a temporary restraining order, which prevented the foreclosure

3   sale scheduled for October 22, 2013. ECF No. 18, Ex. 5. In addition to issuing the TRO, the state

4   court ordered Defendants to show cause as to why a preliminary injunction should not issue. *Id.*

5   The hearing on the order to show cause was set for November 5, 2013, which was also the date on

6   which the TRO was set to expire. *Id.*

7          On October 23, 2013, before briefing on the order to show cause in state court began,

8   Defendants removed this action to federal court. ECF No. 1. Defendants assert that there is federal-

9   question jurisdiction, because the case concerns interpretation of an agreement settling a federal

10  case and that there is diversity jurisdiction. *Id.* On October 30, 2013, Defendants moved to dismiss

11  the Complaint. ECF No. 6.

12         On November 21, 2013, Plaintiff filed an amended complaint. ECF No. 14 ("FAC"). The

13  FAC included not only the three causes of action in the original Complaint, but also added a fourth.

14  The newly added fourth cause of action alleged that Defendants violated California Civil Code §

15  2924.17(b), under which "a mortgage servicer shall ensure that it has reviewed competent and

16  reliable evidence to substantiate the borrower's default and the right to foreclose, including the

17  borrower's loan status and loan information" before the mortgage servicer serves a notice of

18  default, notice of sale, assignment of a deed or trust, or substitution of trustee. In his FAC, Plaintiff

19  alleged that Defendants violated this provision because the Substitution of Trustee and Notice of

20  Trustee's Sale that Defendants recorded against Plaintiff's property do not contain the specific

21  language stating that Defendants had reviewed reliable evidence to substantiate the borrower's

22  default as required by section 2924.17 of the Civil Code. FAC ¶ 75-77. Plaintiff contends that the

23  absence of this specific language suggests that Defendants did not engage in the statutorily

24  mandated review. ECF No. 18 at 4.

25         On November 23, 2013, Plaintiff filed a Motion to Remand this matter to state court,

26  alleging that there is no basis for federal subject-matter jurisdiction. ECF No. 16. On November 25,

27  2013, Plaintiff filed the instant Application for a TRO and OSC Regarding Preliminary Injunction,

28

Case No.: 13-CV-04915-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION

1    in which he states that the trustee's sale is scheduled for November 26, 2013, at 10 a.m., and that

2    Defendants' failure to meet the requirements of Civil Code sections 2924.17(b) and 2923.55

3    requires this Court to enjoin any such trustee's sale. ECF No. 18 at 3-8. Defendants filed an

4    Opposition. ECF No. 22. In the Opposition, Defendants state that the trustee's sale is scheduled for

5    December 10, 2013. *Id.* Because there was a discrepancy in the date of the trustee's sale and

6    because neither party cited anything to support their respective dates of the sale, this Court ordered

7    the parties to resolve the discrepancy by providing supporting documentation that would clarify the

8    date of the trustee's sale. ECF No. 24. Defendants responded stating that the trustee's sale had been

9    continued to December 10, 2013, but that there was no available documentation regarding the date

10   of the sale. ECF No. 25. Plaintiff did not respond.

11   **II.    LEGAL STANDARD**

12        The standard for issuing a temporary restraining order is identical to the standard for issuing

13   a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d

14   1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co*., 887

15   F.Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish

16   that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

17   of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the

18   public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added).

19   The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San*

20   *Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). The issuance of a preliminary injunction is at the

21   discretion of the district court. *Indep. Living Ctr. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir.

22   2009).

23   **III.   DISCUSSION**

24        "The Court recognizes that loss of a home can constitute irreparable harm." *Tapang v.*

25   *Wells Fargo Bank, N.A.*, No. 12-2183, 2012 WL 1894273 (N.D. Cal. May 23, 2012). "However,

26   Plaintiff has failed to carry [his] burden of showing a likelihood of success on the merits of [his]

27   claims, and thus the Court cannot grant [his] request for a TRO." *Id.* Plaintiff contends that

28

Case No.: 13-CV-04915-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Defendants have acted in contravention of two California statutes and that these violations require

2    this Court to issue a TRO. Plaintiff first contends that Defendants have violated section 2924.17(b)

3    of the California Civil Code, which, as discussed above, requires mortgage servicers to ensure that

4    they have reviewed reliable evidence to substantiate the borrower's default before serving a notice

5    of default or similar document. Plaintiff further contends that Defendants have violated section

6    2923.55(b)(2) of the California Civil Code, which requires a mortgage servicer to contact the

7    borrower to assess the borrower's financial situation, to explore options of avoiding foreclosure,

8    and to provide other information.

9          With regard to section 2924.17, Plaintiff's contention is that none of the documents

10   Defendants sent to Plaintiff contains an affirmative statement that Defendants have "ensure[d] that

11   [they have] reviewed competent and reliable evidence to substantiate the borrower's default and the

12   right to foreclose" and that the absence of this statement suggests that Defendants did not review

13   the evidence. Cal. Civ. Code § 2924.17(b); ECF No. 18 at 4. Yet, Plaintiff has not cited any

14   authority suggesting that this statute requires Defendants to affirmatively state that they have

15   complied with this provision. To the contrary, Plaintiff concedes that such language is "commonly

16   added," not that it is always used. ECF No. 18 at 4.

17         Section 2924.17(b) does not appear to require any specific affirmative statement. Rather, as

18   other courts have found, the statute is designed to prevent "robo-signing." *See Marquez v. Wells*

19   *Fargo Bank, N.A.*, No. 13-2819, 2013 WL 5141689 (N.D. Cal. Sept. 13, 2013) ("Section 2924.17

20   prohibits the practice of robo-signing, in which servicers sign foreclosure documents without

21   determining the right to foreclose."); *Sanguinetti v. CitiMortgage, Inc.*, No. 12-5424, 2013 WL

22   4838765 (N.D. Cal. Sept. 11, 2013) ("Section 2924.17 prohibits 'robo-signing,' or executing

23   foreclosure documents without 'substantiat[ing] the borrower's default and the right to

24   foreclose.'"); *Hosseini v. Wells Fargo Bank, N.A.*, No. 13-2066, 2013 WL 4279632 (N.D. Cal.

25   Aug. 9, 2013) ("Section 2924.17(b) prohibits the practice of 'robo-signing,' in which mortgage

26   servicers execute foreclosure documents without 'substantiat[ing] the borrower's default and the

27   right to foreclose.'"). Here, there is no allegation that Defendants have not reviewed competent and

28

Case No.: 13-CV-04915-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

1    reliable evidence to substantiate the borrower's default, nor is there any allegation (let alone

2    evidence) that Defendants have engaged in "robo-signing." In light of this lack of evidence and the

3    lack of argument that section 2924.17(b) requires Defendants to use certain words in

4    communication with the Plaintiff, the Court finds that Plaintiff is unlikely to succeed on the merits.

5          With regard to section 2923.55(b)(2), Defendants explicitly attached a "Declaration of

6    Compliance" to the Notice of Default. ECF No. 23, Ex. G. This attachment stated that "The

7    mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to

8    'assess the borrower's financial situation and explore options for the borrower to avoid

9    foreclosure.' Thirty (30) days, or more, have passed since the initial contact was made." *Id.*

10   Plaintiff contends that he has called into question the validity of this Declaration of Compliance

11   through his own declaration, in which he states, "[p]rior to the recording of the Notice of Default,

12   not a single contact with my mortgage servicer included 1) a discussion of my options to avoid

13   foreclosure, 2) an advisement that I could meet with them within 14 days to discuss my options to

14   avoid foreclosure and assess my finances, and 3) providing me with the free HUD number so I

15   could contact a loan counselor for independent advice." ECF No. 18, Ex. 2.

16         In other, analogous contexts, courts have held that a declaration attached to the Notice of

17   Default is sufficient to satisfy Defendants' obligations under California laws that require lenders to

18   contact borrowers. For example, section 2923.5, which requires similar notices to borrowers from

19   lenders, is satisfied by a declaration of compliance with applicable statutory obligations. *See, e.g.,*

20   *Cabanilla v. Wachovia Mortg.*, No. 12-0228, 2012 U.S. Dist. LEXIS 39270 at *11-12 (C.D. Cal.

21   March 20, 2012) ("Wachovia points to the declaration included in the notice of default sent to the

22   Cabanillas as evidence of their compliance. This declaration states that 'Wells Fargo Bank, N.A.,

23   has contacted the borrower as set forth in California Civil Code Section 2923.5(a)(2).' This

24   declaration is sufficient to establish that Wachovia has met its obligations under § 2923.5."

25   (internal citations omitted)); *Kamp v. Aurora Loan Servs.*, No. 09-0844, 2009 U.S. Dist. LEXIS

26   95245 (C.D. Cal. Oct. 1, 2009) (same); *Juarez v. Wells Fargo Bank, N.A.*, No. 09-3104, 2009 U.S.

27   Dist. LEXIS 110892 (C.D. Cal Nov. 11, 2009) (same).

28

6

Case No.: 13-CV-04915-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

1          The Court finds that Plaintiff has not carried his burden of demonstrating why the Court

2     should deviate from this precedent with respect to the section 2923.55(b)(2) claim. The cases

3     stating that a declaration is sufficient to meet defendants' notice burdens are particularly persuasive

4     because those cases all involved grants of motions to dismiss in favor of defendants, a context in

5     which there is substantial deference to the plaintiffs' allegations. In contrast, in the TRO context, as

6     here, Plaintiff bears the ultimate burden. As Plaintiff himself concedes in his Application, he has at

7     a minimum "raised serious questions as to whether not [sic] the Defendants' complied with this

8     code." ECF No. 18 at 8. "Rais[ing] serious questions" falls substantially below Plaintiff's burden

9     of showing a likelihood of success on the merits. Because it is likely, based on the case law and the

10    Declaration of Compliance, that Defendants have satisfied their obligations under section

11    2923.55(b)(2), the Court finds that Plaintiff is unlikely to succeed on the merits.

12    **IV.    CONCLUSION**

13         Because the Court finds that Plaintiff has not met his burden of showing that he is likely to

14    succeed on the merits under either of the two statutes that he alleges Defendants have violated, the

15    Court DENIES Plaintiff's Application for a TRO and Order to Show Cause Re: Preliminary

16    Injunction.

17    **IT IS SO ORDERED.**

18    Dated: November 25, 2013                          _Lucy H. Koh_____

19                                                      LUCY H. KOH
                                                        United States District Judge
20

21

22

23

24

25

26

27

28
                                                  7
Case No.: 13-CV-04915-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION